IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| BRENDA ISABEL CERVANTES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 3:19-cv-00383 |
| | § | |
| 3NT, LLC, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL ERISA COMPLAINT AND JURY DEMAND**

**TO THE HONORABLE UNITED STATES DISTRICT COURT**:

COMES NOW BRENDA ISABEL CERVANTES ("Plaintiff"), and files this Complaint against Defendant 3NT, LLC, and for causes of action would show this Court as follows:

**I. PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a resident of El Paso County, Texas and was employed at Defendant's facility located in El Paso County, Texas at all relevant times herein.

2. Defendant 3NT, LLC ("3NT") is a Texas Corporation doing business in El Paso County, Texas, and may be served with process by serving its authorized agent, RUBEN JASSO, or any other authorized officer or agent therein at 265 Pasodale Rd., El Paso, Texas 79907 and/or where ever he may be found.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The Court has personal jurisdiction over the parties, and venue is proper pursuant to 28 U.S.C. §1391(b)(1) and (2), because a substantial part of the acts or omissions that give rise to the claim occurred within the Western District of Texas, and this claim is brought in the district where the Plan is

1

administered, where the breach took place, and/or where Defendant resides or may be found. ERISA § 502(e)(2), 29 USC § 1132(e)(2).

## II. GENERAL ALLEGATIONS

4. This is an action for damages, including without limitation actual and liquidated damages, loss of back pay and front pay, injury plan benefits, and other legal and equitable relief to secure the rights and redress the injuries of Plaintiff under the laws of the United States based on the wrongful actions of Defendant 3NT, LLC which constitute unlawful interference, discrimination, and/or retaliation against Plaintiff in violation of ERISA § 510, 29 U.S.C. § 1140 et. seq., as further described below.

5. Plaintiff is a covered employee under ERISA.

6. Plaintiff worked as a good and faithful employee of Defendant 3NT LLC as a driver for approximately eight years, prior to her incident that took place on or about March 9, 2019.

7. At all relevant times herein, Plaintiff was employed by Defendant 3NT as a "over the road truck driver" at its El Paso, Texas facility.

8. As part of her job responsibilities, Plaintiff would drive tractor/trailers and other commercial motor vehicles from El Paso, Texas, to Brownstown, Michigan (primarily as her same route), where she would deliver auto parts and return to El Paso, Texas.

9. Plaintiff would then begin the process again the following Saturday morning and drive a tractor/trailer with a new auto parts back to Brownstown, Michigan, and return to El Paso, Texas, which she would perform, on average, one round trip per week.

10. On or about March 9, 2019, Plaintiff was injured while in the course and scope of her employment with Defendant 3NT.

11. At such time and place, Plaintiff was driving a 2018 tractor trailer when the tractor trailer had a blowout and mechanical issues and Plaintiff lost control and drove across the center median and the tractor trailer rolled on its side.

12. The tractor trailer in question had prior mechanical issues and Plaintiff had reported them to Defendant 3NT.

13. Said collision caused serious personal injuries to the person and property of Plaintiff.

14. At the time of Plaintiff's injury and all events that give rise to this suit, 3NT did not have worker's compensation insurance for its Texas employees and was a non-subscriber under the Texas Worker's Compensation Act and had an insurance policy in effect, self-administered by 3NT, that constituted a plan covered by ERISA ("ERISA Plan" or "Plan").

15. Plaintiff was a participant in the ERISA Plan because she was an "employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer ..." ERISA § 3(7), 29 USC § 1002(7).

16. Plaintiff is a beneficiary of the ERISA Plan because she is a "person . . . by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." ERISA § 3(8), 29 USC § 1002(8).

17. Defendant 3NT is a fiduciary under ERISA because it is a person or entity that (i) is a named fiduciary in the plan document, (ii) functionally exercises discretion or control over the management of the plan or the management or disposition of plan assets; or (iii) has discretionary authority or responsibility over the administration of the plan. ERISA § 3(21), 29 USC § 1002(21).

18. Plaintiff was entitled to receive benefits of weekly compensation and medical benefits from the Plan during her incapacity under the ERISA Plan, and was entitled to receive future benefits as a continuing employee under the Plan.

19. Following her on-the-job injury, Defendant 3NT through the acts and conduct of its officers, supervisors, and other employees, discriminated and retaliated against Plaintiff for seeking to recover benefits under the Plan, and for seeking to exercise rights to which she is entitled under the Plan, and/or to avoid paying benefits to which she was entitled to receive under the ERISA Plan.

20. Following her injury, Defendant 3NT, through the acts of its officers, supervisors, and employees, took steps to attempt to prevent Plaintiff from recovering benefits under the Plan. Shortly after Plaintiff's incident and injuries, on May 3, 2019, Plaintiff was notified that her benefits were terminated for because she refused to comply with the plan requirements.

21. Specifically, that Plaintiff failed to report the incident that happened on March 9, 2019 "in writing" to Defendant.

22. However, on the day of the incident, March 9, 2019, Plaintiff immediately called her supervisor and reported the incident and communicated via text in writing to Mr. Zapata and also via text to Mr. Jasso, the owner of the company, notifying them of the incident.

23. Plaintiff was then told to go for a drug test, which Plaintiff complied with.

24. In addition, after the incident, Plaintiff was asked to meet with Mr. Zapata, which she did, and was asked to sign a document which she did not agree with because it contained inaccurate and incomplete information regarding the incident and her injuries.

25. Mr. Zapata would not allow Plaintiff to make any changes, therefore she could not fill out the form as he requested her to.

26. There is nothing in the plan that says Plaintiff has to sign documents presented to her by the company, just that she must notify them in writing of the incident, which Ms. Cervantes did.

27. Thereafter, Defendant 3NT, through the acts of its officers, supervisors, and employees, took steps to attempt to prevent Plaintiff from recovering benefits under the Plan and retaliated against her for seeking to recover benefits under the Plan, for seeking to exercise rights to which she is entitled under the Plan, and/or to avoid paying benefits to which she was entitled to receive under the ERISA Plan.

28. Defendant, through the acts of Mr. Zapata and other employees, denied Plaintiff benefits under the Plan claiming that Plaintiff did not report the incident in writing, despite Plaintiff immediately notifying her supervisor and the owner of the company of her incident and her injuries in writing via text.

29. Defendant, through the acts of Mr. Zapata, would not allow Plaintiff to change and correctly identify the incident and therefore she would not agree to sing the documents. Defendant wanted and Defendant denied benefits based on Plaintiff not agreeing to sign documents that did not have correct and accurate information.

30. Defendant denied benefits to Plaintiff in retaliation for Plaintiff's attempts to recover benefits under the Plan, and Plaintiff has remained in constant pain and was incapacitated while waiting to be seen and treated by the doctor for her injuries.

31. As a result of Defendant 3NT's discrimination and retaliation against Plaintiff for seeking to recover benefits and/or seeking to exercise her rights under the Plan, Plaintiff suffered damages, including without limitation, past and future loss of wages and other employment-related benefits, past and future loss of benefits to which she is entitled under the Plan, medical bills,

medical treatment, and other medical expenses incurred, damage to his credit reputation, mental anguish, enhanced pain and suffering, consequential and incidental damages and attorney's fees, to the full extent such damages are allowed by law.

### III.

### CLAIMS UNDER ERISA AND FEDERAL COMMON LAW

32. Plaintiff realleges the foregoing paragraphs.

33. This claim is brought in the district where the Plan is administered, where the breach and discriminatory and retaliatory conduct took place, and/or where Defendant resides or may be found. ERISA § 502(e)(2), 29 USC § 1132(e)(2).

34. To the extent necessary, Plaintiff has exhausted her administrative remedies under the Plan, or such exhaustion of remedies is not required and/or would have been futile, and Plaintiff has complied with all conditions precedent necessary to bring the claims set forth herein.

**A.   Count I: Claims for discrimination/retaliation under ERISA § 510, 29 USC §1140.**

35. Plaintiff realleges the foregoing paragraphs.

36. Pursuant to ERISA § 510, 29 USC § 1140, Defendant 3NT caused Plaintiff to be discriminated against for exercising rights to which she is entitled under the ERISA Plan, in violation of ERISA § 510, 29 USC § 1140, for which Plaintiff seeks damages and other appropriate relief as allowed by law.

37. As a result of Defendant 3NT's discrimination and retaliation against Plaintiff for seeking to recover benefits and/or exercising rights to which she is entitled under the ERISA Plan, Plaintiff suffered damages, including without limitation, past and future loss of wages and other employment-related benefits, past and future loss of benefits to which she is entitled under the Plan, medical bills, medical treatment, and other medical expenses incurred, damage to her credit

reputation, mental anguish, enhanced pain and suffering, consequential and incidental damages and attorney's fees, to the full extent such damages are allowed by law.

**B.      Count II: Claims for denial of benefits under ERISA § 502(a)(1)(B).**

38.      Plaintiff realleges the foregoing paragraphs.

39.      Pleading alternatively, and without waiving the foregoing, pursuant to ERISA § 502(a)(1)(B), 29 USC § 1132(a)(1)(B), Plaintiff seeks to recover benefits due to her under the terms of the Plan, to enforce her rights under the terms of the Plan, and to clarify her rights to future benefits under the terms of the Plan. Plaintiff was wrongfully and improperly denied benefits under the plan by Defendant 3NT, including benefits for past and future medical care, benefits for past and future loss of wages and income, and other benefits provided for in the Plan.

40.      Plaintiff timely made a claim for benefits under the ERISA Plan and did all things requested of her by the ERISA Plan. Defendant 3NT wrongfully denied benefits due to Plaintiff under the terms of the plan in one or more of the following ways:

a.   Wrongfully terminating medical, compensation and other benefits when the Plaintiff clearly reported in writing her incident and injuries.

b.   Wrongfully terminating medical, compensation and other benefits without reasonable reliance on any medical opinion.

c.   Wrongfully engaging in retaliatory conduct to deny benefits lawfully owed under the Plan.

d.   Failing to pay 100% of Plaintiff's compensation from the date of the covered injury, as required under the Plan.

e.   Refusing to rely on medical opinions of treating physicians and other health care providers who advised the Plaintiff's injuries were covered under the Plan.

f.   Refusing to pay for the treatment rendered to the Plaintiff which was authorized under the Plan.

g.   Other acts or omissions that may serve to establish grounds for wrongful denial of Plan benefits that may be developed in discovery of the case.

41. As a result of Defendant 3NT's wrongful denial of benefits contractually and lawfully owed to Plaintiff under the ERISA Plan, Plaintiff suffered damages, including without limitation all past and future loss of benefits to which she is entitled under the Plan, damage to her credit reputation, consequential and incidental damages and attorney's fees, to the full extent such damages are allowed by law.

C.   **Count III: Claims for breach of fiduciary duty under ERISA 502(a)(3) and 409(a).**

42. Plaintiff realleges the foregoing paragraphs.

43. Pleading alternatively, and without waiving the foregoing, pursuant to ERISA §502(a)(3), 29 USC § 1132(a)(3), and ERISA 409(a), 29 USC 1109(a), Defendant breached its fiduciary responsibilities, obligations, and duties in its denial and refusal to provide Plaintiff benefits under the plan without a reasonable basis for such refusal, in violation of 29 USC § 1104(a), for which Plaintiff seeks all relief as allowed by law.

D.   **Count IV: Federal Common Law Estoppel (ERISA Estoppel).**

44. Plaintiff realleges the foregoing paragraphs.

45. Pleading alternatively, and without waiving the foregoing, pursuant to equitable principles recognized under federal common law known as "ERISA-estoppel," Defendant 3NT is estopped from denying Plaintiff's claim for benefits under the Plan, in order to prevent Defendant 3NT from benefitting from its own discriminatory and retaliatory conduct. Defendant 3NT engaged in materially misleading conduct and made material misrepresentations to Plaintiff, in ways elsewhere asserted in this Complaint, that Plaintiff justifiably relied upon to her detriment.

46. As a result of its inequitable conduct, Defendant 3NT is estopped from denying Plaintiff's past and future wage, medical, and/or disability benefits owed under the Plan under

equitable principles such as estoppel recognized in federal common law. *See Mello v. Sara Lee Corp.,* 431 F.3d 440 (5th Cir. 2005) (doctrine of equitable estoppel applies to ERISA claims).

47. Extraordinary circumstances exist to support Plaintiff's claim for ERISA-estoppel. Plaintiff was a good and faithful employee of 3NT for over eight years, prior to her injury that took place on or about March 9, 2019 and the discriminatory and retaliatory conduct that followed her attempts to recover medical and wage benefits lawfully owed under the Plan. Plaintiff is now an especially vulnerable plaintiff because Defendant 3NT engaged in discriminatory and retaliatory conduct following her injury, when she was at her most vulnerable. Plaintiff's wage, medical, and disability benefits under the Plan that were wrongfully denied as a result of Defendant's discrimination and retaliation that were vital to her ability to support herself and her family in maintaining the basic necessities of life.

48. Extraordinary circumstances also exist to support Plaintiff's ERISA-estoppel claim because 3NT, through the acts of its employees with supervisory responsibility, acted intentionally, knowingly, recklessly, and/or with malice in bad faith in interfering with Plaintiff's right to receive benefits under the Plan in one or more of the following ways:

   a. Wrongfully terminating medical, compensation and other benefits when the Plaintiff clearly reported in writing her incident and injuries.

   b. Wrongfully terminating medical, compensation and other benefits without reasonable reliance on any medical opinion.

   c. Wrongfully engaging in retaliatory conduct to deny benefits lawfully owed under the Plan.

   d. Failing to pay 100% of Plaintiff's compensation from the date of the covered injury, as required under the Plan.

   e. Refusing to rely on medical opinions of treating physicians and other health care providers who advised the Plaintiff's injuries were covered under the Plan.

    f.    Refusing to pay for the treatment rendered to the Plaintiff which was authorized under the Plan.

    g.    Other acts or omissions that may serve to establish grounds for wrongful denial of Plan benefits that may be developed in discovery of the case.

49.    As a result of Defendant 3NT's wrongful conduct as described above and elsewhere in this Complaint, Plaintiff has suffered actual harm, including but not limited to (1) past and future wages and other employment-related benefits, (2) loss of past and future benefits under the Plan that Plaintiff reasonably and justifiably believed she would receive, (3) loss of rights protected by ERISA or its trust-law antecedents, and (4) Plaintiff's detrimental reliance on Defendant's wrongful conduct in bad faith and breach of their obligations under ERISA.  Plaintiff suffered damages, including without limitation all past and future loss of benefits to which she is entitled under the Plan, damage to her credit reputation, consequential and incidental damages and attorney's fees, to the full extent such damages are allowed by law.

50.    The acts and conduct of 3NT as described above and elsewhere in this Complaint violated Plaintiff's federally-protected rights under ERISA. Defendant 3NT is liable for the acts of its supervisors and employees, and Defendant 3NT is further liable as the self-appointed Administrator under the Plan for damages suffered by Plaintiff under principles of *respondeat superior* and agency, and the above-described acts and conduct of Defendant 3NT constitutes willful and intentional interference, discrimination, and/or retaliation in violation of ERISA § 510, 29 USC § 1140.  Defendant 3NT is also jointly and severally liable for the acts of its officers, supervisors, and employees under doctrines of agency, actual and/or apparent authority, contractual agency, civil conspiracy, joint enterprise, and alter ego/piercing the corporate veil.

## IV. RELIEF REQUESTED

51.    Plaintiff realleges the foregoing paragraphs.

52. As a result of Defendant 3NT's wrongful conduct as described above and elsewhere in the Complaint, Plaintiff suffered the following damages:

    a. nonpayment of benefits allowed under the Plan.

    b. past and future wages and other employment-related benefits

    c. health care and medical provider bills and expenses.

    d. delay and/or denial of reasonable and necessary medical care.

    e. damage to Plaintiff's credit and reputation.

    f. mental anguish in the past and into the future.

    g. consequential damages and incidental damages.

    h. attorneys' fees as provided by 29 USCA § 1132 and by law.

    I. punitive damages, to the extent such damages are allowed by law.

    j. all other damages as allowed by law.

53. Plaintiff seeks to recover past and existing benefits due under the terms of the ERISA plan. Plaintiff requests the Court clarify her right to future benefits under the terms of the ERISA plan. Plaintiff seeks damages for 3NT's discriminatory and retaliatory conduct, breach of its obligation to pay Plan benefits, breach of fiduciary duty, and other wrongful actions, and for all equitable relief provided under ERISA and otherwise by law, including without limitation the equitable remedy of reinstatement of employment and reinstatement of benefits due and owed under the Plan, and asks the Court order 3NT to provide benefits owed to the Plaintiff under the terms of the Plan, and for all other equitable relief to make Plaintiff whole as allowed by law.

54. Plaintiff pleads for extracontractual damages, including but not limited to consequential damages, incidental damages, damages for Plaintiff's loss of credit and reputation, and damages for mental anguish in the past and into the future, to the extent such damages are

allowed by law, and/or to preserve the issue for potential appellate review. *But see Mass Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 105 S. Ct. 3085, 87 L.Ed. 2d 96 (1985); *Mertens v. Hewitt Associates,* 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed. 161 (1993).

55. Defendant 3NT acted intentionally, knowingly, recklessly, and with malice in interfering with Plaintiff's right to benefits under the Plan, and in discriminating and retaliating against Plaintiff for seeking to recover benefits and/or exercise her rights under the Plan. Plaintiff seeks punitive damages against Defendant 3NT for its willful, intentional, and malicious conduct, to the extent such damages are allowed by law, and/or to preserve the issue for potential appellate review. *But see Mertens,* 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed. 161 (1993).

56. Plaintiff seeks prejudgment interest on all monies retained by the Plan that rightfully belonged to the Plaintiff, as to allow the Defendant 3NT to profit from its wrongful acts would amount to unjust enrichment. Plaintiff seeks all other pre-judgment and post-judgment interest at the maximum rate as allowed by law.

57. Plaintiff requests the Court award reasonable attorneys' fees and costs, as provided for under ERISA and as allowed by law.

58. Plaintiff respectfully requests a trial by jury of the issues in this case, to the extent a jury trial is permitted, and/or to preserve the issue for potential appellate review.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant 3NT be cited to appear and answer herein and that upon final trial hereof, Plaintiff have judgment against Defendant 3NT for all relief requested, including without limitation, reinstatement of employment, all actual damages and other equitable relief to be made whole as allowed by law, incidental and consequential damages, punitive damages to the extent such damages are allowed by law,

attorney's fees, together with prejudgment and post-judgment interest at the maximum rate permitted by law, and for such further relief to which Plaintiff may be justly entitled.

        Respectfully submitted,

        **SCHERR & LEGATE, PLLC.**
        Attorney for Plaintiff
        109 North Oregon, 12th Floor
        El Paso, Texas 79901
        (915) 544-0100
        (915) 532-1759 (Facsímile)
        TJoudi@ScherrLegate.com

        */s/ Tiffany N. Joudi*
        **TIFFANY N. JOUDI**
        State Bar No. 24065479