UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **BRENDA ISABEL CERVANTES,** | § § § | |
| *Plaintiff,* | § | |
| v. | § § | EP-19-CV-00383-DCG |
| **3NT, LLC,** | § § | |
| *Defendant.* | § § § | |

### ORDER STRIKING JURY DEMAND

Defendant 3NT, LLC moves to strike Plaintiff Brenda Isabel Cervantes's jury demand. Mot. Strike, ECF No. 56. 3NT argues there is no right to a jury trial on ERISA claims. *Id.* at 2. Cervantes responds that she "is mindful that usually claims related to ERISA are not entitled to a jury trial." Resp., ECF No. 58 at 2. Even still, she "request[s] [that] the Court" permit her claims to be heard by a jury. *Id.* Cervantes cites no legal authority in support of her request other than to point to the general proposition of the jury trial right under the Seventh Amendment of the United States Constitution. *Id.* at 2–3.

The Seventh Amendment preserves the right to a jury trial for "[s]uits at common law." U.S. CONST. amend. VII; FED. R. CIV. P. 38(a). But the right to a jury trial in civil suits is not universal; that is, it does not apply to all civil claims. *See, e.g.*, FED. R. CIV. P. 39(a)(2); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 40–42 (1989). Suits invoking legal rights, within the meaning of the Seventh Amendment, are recognized as "suits at common law," and thus there is a concomitant right to a jury. *E.g., Curtis v. Loether*, 415 U.S. 189, 193–97 (quoting *Parsons v. Bedford*, 3 Pet. 433, 446–47 (1830)). For suits of an equitable nature, on the other hand, there is no Seventh Amendment right to a jury trial. *E.g., id.*

Turning to this case, the Fifth Circuit has held that, generally, there is no right to a jury trial for ERISA claims. *Borst v. Chevron Corp.*, 36 F.3d 1308, 1323–24 (5th Cir. 1994) ("We have held, as have the majority of the other circuits, that ERISA claims do not entitle a plaintiff to a jury trial right."); *Brown v. Aetna Life Ins. Co.*, 975 F. Supp. 2d 610, 629 (W.D. Tex. 2013). That said, each cause of action under ERISA is analyzed separately for whether a party has an attendant jury trial right.

Cervantes bears "the burden of rebutting [a] motion to strike by raising all of the reasons entitling [her] to a jury trial." *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 426 n.13 (5th Cir. 2014). Because the Court granted summary judgement on two of Cervantes's ERISA theories, she need only show she is entitled to a jury for her ERISA §§ 510 and 502(a)(1)(B) claims. *Cervantes v. 3NT, LLC*, EP-19-cv-00383, 2022 WL 2339469 (W.D. Tex. Jun. 29, 2022) (granting summary judgment on claims under ERISA §§ 502(a)(3), 409(a) and ERISA-estoppel). She has failed to meet that burden. As mentioned, Cervantes did not provide any authority that supports her opposition to 3NT's motion to strike her jury demand.

Even if she had made arguments in support of her position, the Fifth Circuit has held that there is no jury trial right for claims under ERISA § 502. *Calamia v. Spivey*, 632 F.2d 1235, 1236–37 (5th Cir. Unit A 1980). Whether there is a jury trial right for claims under ERISA § 510 is an open question. Some district courts have held there is no jury trial right. *See, e.g., Evanoff v. Banner Mattress Co., Inc.*, 550 F. Supp. 2d 697, 700–01 (N.D. Ohio 2008); *Francis v. S. Cent. Hous. Action Council, Inc.*, No. H-14-1277, 2015 WL 4207142, at *2 (S.D. Tex. Jul. 1, 2015). Others have held there is. *See, e.g., McDonald v. Artcraft Elec. Supply Co.*, 774 F. Supp. 29, 35–36 (D.D.C. 1991); *Blue Cross & Blue Shield of Ala. v. Lewis*, 753 F. Supp. 345 (N.D. Ala. 1990). This Court, however, need not further wade into this topic because Cervantes failed

to meet her burden of raising the reasons she is entitled to a jury. *U.S. Bank Nat'l Ass'n*, 761 F.3d at 426 n.13.

Accordingly, **IT IS ORDERED** that Defendant 3NT, LLC's "Motion to Strike Demand for Jury Trial" (ECF No. 56) is **GRANTED**.

So ORDERED and SIGNED this 30th day of June 2022.

_____
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE